U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 01 2005
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DANNY RAY RANDLE | CIVIL ACTION NO. 05 cv 0228 |
| VS. | SECTION P |
| TIM WILKERSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

Before the court is Danny Ray Randle's *pro se* petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on January 31, 2005. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is serving a thirty-five (35) year sentence following his 1995 conviction for forcible rape in Louisiana's 4th Judicial District Court.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## STATEMENT OF THE CASE

The petition, its accompanying exhibits, and the published jurisprudence of the State of Louisiana establish the following:

2. On May 4, 1995, petitioner was found guilty as charged and ultimately sentenced to serve a thirty-five year sentence. [Doc. 1, p.1]

3. Petitioner appealed his conviction to the Second Circuit Court of Appeals and argued the following assignment of error:

(A) The sentencing court exceeded the sentencing guideline maximum of 20 years.

Petitioner asserts that he did not appeal the Second Circuit's denial of his appeal.

4. On some unspecified date petitioner applied for an application for post-conviction D.N.A. testing with the Louisiana Supreme Court. On an unspecified date, this application was denied. Petitioner asserts that he did not appeal to the highest state court having jurisdiction for any petitions. [Doc. 1-1, p.3] Petitioner apparently did not seek review in the United States Supreme Court.

5. Petitioner asserts that he "is aware ignorance of the law is no excuse, but after filing petitions in both the 4th J.D.C. and the 2nd Circuit Court the defendant was unaware of his next step until later being advised by inmate counsel". [Doc.1-1, p. 3]

8. Petitioner signed this petition for *habeas corpus* on January 26, 2005; His pleadings were filed on January 31, 2005.

## LAW AND ANALYSIS

Before reaching the merits of a *habeas* claim, this court is obliged to review the pleadings and exhibits submitted by the petitioner in order to determine among other things, whether or not the petitioner has exhausted all available state remedies

prior to filing his petition in federal court;[1] whether or not the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and whether or not any or all of the claims raised are subject to the procedural default doctrine.[3]

1. Exhaustion Requirement

Petitioner appears to admit a failure to exhaust state court remedies as is required by Rose v. Lundy. [Doc. 1-1, p. 3] If

---

[1] Habeas petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1).

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
   *   *   *
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*
Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargettt*, 61 F.3d 410, 416 (5th Cir. 1996).

this is not the case, Petitioner should amend to provide the following documents to support his case that he has exhausted.

Petitioner has failed to provide copies of his Application for Post-Conviction Relief filed, and his applications for remedial writs in the Second Circuit and Supreme Court following the district court's denial of his Application for Post-Conviction Relief. He has also failed to provide the dates he applies for the above relief, and the dates the applications were denied.

In order to determine whether or not any or all of petitioner's present claims for relief have been properly exhausted in the state courts, petitioner should be required to provide these documents.

2. Time-bar

Petitioner has not alleged nor has he provided documentary evidence to establish the dates upon which he filed his petition for *certiorari* in the Louisiana Supreme Court; the date he filed his Application for Post-Conviction Relief in the 4th Judicial District Court, nor the dates he filed his writ applications in the Second Circuit and Supreme Court following the District Court's denial of his Application for Post-Conviction Relief.

In order to determine whether or not this petition is time barred, petitioner should be required to provide evidence to establish when he filed the pleadings in question.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide:

1. A **dated copy** of his Application for Post-Conviction Relief filed in the 4th Judicial District Court;

2. A **dated copy** of petitioner's Application for Supervisory Writs on Post conviction in the Second Circuit Court of Appeals.

3. A **dated copy** of his Application for Writ of *Certiorari* in the Louisiana Supreme Court; (Petitioner should also state whether or not he applied for *Certiorari* in the United States Supreme Court following the Louisiana Supreme Court's denial of his writ application);

**IT IS FURTHER ORDERED** that in the event petitioner is unable to provide the documents set forth above, petitioner is to notify the court in writing prior to the expiration of the time limit set forth above.

**IT IS FURTHER ORDERED** that in the event that any of petitioner's claims were the subject of a procedural default, he submit to the Clerk of Court, within forty (40) days of the filing of this order, a response hereto **setting forth facts which demonstrate that federal *habeas* review of those claims are not barred by the procedural default doctrine,** e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is

not strictly or regularly applied by the state court or was misapplied in petitioner's case. Petitioner may attach any and all documentation which he chooses to his response.

**Failure to comply with this order may result in dismissal of this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Failure to keep the court apprized of any address changes may likewise result in dismissal of this action pursuant to Uniform Local Rule 41.3.**

**THUS DONE AND SIGNED** in Chambers, Alexandria, Louisiana, this 19 day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE