# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DANNY RAY RANDLE** | **CIVIL ACTION NO. 05-0228** |
| **VS.** | **SECTION P** |
| **TIM WILKERSON, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTION and REPORT AND RECOMMENDATION ON PETITION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Danny Ray Randle on January 26, 2005.[1] Also before the court is a motion for discovery filed by the Petitioner [Doc. No. 16]. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is incarcerated at the Winn Correctional Center, Winnfield, Louisiana, where he is serving a thirty-five year sentence imposed following his 1995 felony conviction in the Fourth Judicial District Court, Morehouse Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because consideration of petitioner's claims is barred by the timeliness provisions

---

[1] The pleadings were received and filed on January 31, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on January 26, 2005. Therefore, the court assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

1

of 28 U.S.C. §2244(d). In addition, because the petition is untimely, no discovery is needed and the motion for discovery is therefore DENIED.

## STATEMENT OF THE CASE

The petition, the amended petitions, the accompanying memoranda and exhibits, petitioner's answers to the questionnaire [Doc. 15] submitted with the Memorandum Order of February 2, 2006 [see Doc. 10] and the presumptively reliable published jurisprudence of the State of Louisiana, establish the following relevant facts:

1. On February 27, 1995, petitioner pled guilty to one count of forcible rape in the Fourth Judicial District Court. The plea was entered pursuant to a plea bargain which provided that the State would drop charges of second degree kidnaping and would refrain from filing an habitual offender bill against the petitioner. [Doc. 7, pp. 13-24]

2. On May 4, 1995, petitioner was sentenced to serve thirty-five years at hard labor. Petitioner's motion to reconsider sentence was denied, and his motion for an appeal was granted. [Doc. 7, pp. 25-28]

3. In his appeal to the Second Circuit Court of Appeals, which was assigned docket number 95-27958-KA, petitioner argued a single assignment of error, "The sentence imposed is excessive and shows little regard for the sentencing guidelines of the Code of Criminal Procedure Article 894.1." [Doc.1-5, pp. 2-9]

4. On January 24, 1996, petitioner's sentence was affirmed by the Second Circuit Court of Appeals in an unpublished opinion. *State of Louisiana v. Danny Ray Randle*, 95-27958-KA (La. App. 2d Cir. 1/24/1996), 666 So.2d 734 (unpublished).

5. Petitioner did not seek further direct review in the Louisiana Supreme Court. [Doc. 1-1, p. 2, paragraph 9(e)][2]

6. On some unspecified date in 1998 petitioner filed an Application for Post-Conviction Relief in the Fourth Judicial District Court claiming "lack of D.N.A. testing," and "ineffective assistance of counsel" as his grounds for relief. [See Doc. 7, pp. 29-35][3]

7. On some unspecified date petitioner's application was denied by the trial court.

8. Petitioner filed an application for writs of review in the Second Circuit Court of Appeals. His writ application was apparently denied.

9. Petitioner apparently filed a writ in the Louisiana Supreme Court which was assigned that court's docket number 97-1674. On January 16, 1998, this writ application, which sought review of a Second Circuit Court of Appeal decision under Docket Number 29883-KW was denied. See *State ex rel. Danny R. Randle v. State of Louisiana,* 97-1674 (La. 1/16/1998), 707 So.2d 51.

10. On some other unspecified date, petitioner filed another writ application in the Louisiana Supreme Court. This writ, which sought review of a Second Circuit Court of Appeal decision under Docket Number 33561 was denied on November 17, 2000. See *State ex rel.*

---

[2] Petitioner contends that he filed an application for writs in the Supreme Court; he claims that he is unsure of the date he filed the pleading and the docket number it was assigned. [Doc. 15, p. 5] Nevertheless, a review of the presumptively reliable published jurisprudence of the State of Louisiana and the absence of any published Supreme Court judgments confirms that petitioner did not seek further direct review by filing an application for writs in the Louisiana Supreme Court.

[3] In a Memorandum Order dated September 1, 2005, Magistrate Judge Kirk specifically directed petitioner to provide "a dated copy of his Application for Post-Conviction Relief..." [Doc. 6]Instead, petitioner submitted what he characterized as a "...rewritten copy of the 1998 filing in the 4th Judicial District Court, Morehouse Parish, State of Louisiana..." [Doc. 7, pp. 29-35] Nevertheless, in answering the questions propounded by the undersigned petitioner positively stated that he filed his first Application for Post-Conviction Relief sometime in 1998. Further, when asked whether or not petitioner had "any post-conviction or other collateral review pending in the Louisiana courts between April 24, 1996 and April 24, 1997..." petitioner replied, "None." [Doc. 15, p. 6]

3

*Danny Ray Randle v. State of Louisiana*, 2000-0974 (La. 11/17/2000), 773 So.2d 733.

11. On some other unspecified date, petitioner filed another writ application in the Louisiana Supreme Court. This writ application, which sought review of a Second Circuit Court of Appeal decision under Docket Number 35017-KH was denied on January 25, 2002. *State ex rel. Danny Ray Randle v. State of Louisiana*, 2001-1062 (La. 1/25/2002), 806 So.2d 671.

12. On some other unspecified date, petitioner filed another writ application in the Louisiana Supreme Court. This writ application, which sought review of a Second Circuit Court of Appeal decision under Docket Number 39242-KH was denied on June 3, 2005. *State ex rel. Danny Ray Randle v. State of Louisiana*, 2004-2217 (La. 6/3/2005), 903 So.2d 445.

13. Petitioner filed his federal writ on January 26, 2005.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[4]

---

[4] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from any of the other events described in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Finally, he does not claim that the factual predicate of his claim was only recently discovered.

4

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.*

Petitioner's conviction and sentence were affirmed on direct appeal on January 24, 1996, by the Second Circuit Court of Appeal. *State of Louisiana v. Danny Ray Randle*, 95-27958-KA (La. App. 2d Cir. 1/24/1996), 666 So.2d 734 (unpublished). Petitioner did not seek further direct review of his conviction and sentence. [See fn. 2, *supra*] Therefore, his judgment of conviction and sentence became final with the expiration of the time for seeking further direct review. Pursuant to Louisiana Supreme Court Rule X, §5(a), petitioner had a period of thirty days

5

following the mailing of the judgment of the Court of Appeals within which to file his petition for *certiorari* in the Louisiana Supreme Court.[5] Therefore, for the purposes of this analysis, petitioner's judgment of conviction and sentence became final on or about February 24, 1996 when the thirty day limitations period of Rule X expired.[6] Since petitioner's judgment of conviction and sentence became final prior to the April 24, 1996, effective date of the AEDPA, he had until April 24, 1997, to file his federal *habeas corpus* petition.

Petitioner could not rely on the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) (which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period) because by his own admission, he did not file his first Application for Post-Conviction Relief until sometime in 1998, and, he had no "...post-conviction or other collateral review pending in the Louisiana courts between April 24, 1996, and April 24, 1997..." [Doc. 15, pp. 5-6]

In short, petitioner's federal *habeas corpus* claims are barred by the timeliness provisions of 28 U.S.C. §2244(d) and dismissal is appropriate.[7]

**ACCORDINGLY,**

Petitioner's Motion for Production [Doc. 16] is **DENIED.**

---

[5] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

[6] Under Louisiana law, petitioner's judgment of conviction and sentence became final when the fourteen day period for seeking a rehearing in the court of appeals expired. See LSA C.Cr.P. art. 922(B). Clearly, regardless of the method used to determine finality, petitioner's judgment of conviction and sentence became final prior to the effective date of the AEDPA.

[7] Petitioner filed a Motion seeking the court's assistance in obtaining documents from the Louisiana courts. [Doc. 16] As shown above, this matter was resolved based upon petitioner's response to the court's questionnaire [Doc. 15]; therefore, the documents requested are no longer needed and petitioner's motion should be denied.

FURTHERMORE, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, at Monroe, Louisiana on April 12th, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE